UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTIE SINGH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 16-cv-01919 NC<br><br>**ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, GRANTING SINGH'S MOTION TO AMEND ADMINISTRATIVE CLAIM**<br><br>Re: Dkt. Nos. 9, 28 (31) |

In this Federal Tort Claims Act (FTCA) action, the United States moves to dismiss plaintiff Montie Singh's complaint for lack of subject matter jurisdiction. In addition, Singh moves to amend his administrative claim to account for increased damages. Because the Court finds it has subject matter jurisdiction over Singh's case, it DENIES the motion to dismiss. Further, because the Court finds Singh's injuries were not reasonably foreseeable, and his damages unknown due to newly discovered evidence, the Court GRANTS Singh's motion to amend.

**I.  BACKGROUND**

　　**A.  Factual Allegations – Motion to Dismiss**

　　Singh alleges he was injured on April 30, 2014, when a United States Postal Service (USPS) truck driven by a USPS employee rear-ended his vehicle. Dkt. No. 1 at 1-2. Per Singh, the employee's negligence "was a substantial contributing factor" in causing his

Case No. 16-cv-01919 NC

injuries. *Id*. at 2. Singh brings this case under the FTCA for monetary damages. *Id*. Further, Singh provides that on October 1, 2015, he submitted his completed Claim for Damage, Injury or Death to the USPS, Standard Form 95, which was received by the USPS on October 5, 2015. *Id*. That form had a box in which Singh specified the amount of his claim. *Id*. at 6. As to personal injury, Singh provided in box 12b that "Claimant is still treating. The claim will exceed $100,000.00." *Id*. Singh's total claim in box 12d stated his "Claim will exceed $100,000.00." *Id*. Box 12d stated that "Failure to specify [the total amount of the claim] may cause forfeiture of your rights." *Id*. Singh filed this complaint under 28 U.S.C. § 2401(b), the two-year statute of limitations on presenting government tort claims, and § 2675(a), because the USPS failed to "make a final disposition of the claim within the six months after it was filed." *Id*.

### B. Factual Allegations - Motion to Amend

Singh seeks to amend his administrative claim from $100,000 to $1,800,000. Dkt. No. 28 at 2; *see also* Dkt. No. 31.[1] Singh provides that after he was involved in the accident with the USPS truck he went to the emergency room for a few hours, and found out weeks later he had serious back injuries, resulting in later surgeries. Dkt. No. 31 at 5-6. These surgeries were performed in September and December, 2014. *Id*. at 6. Singh, who had continued to work as a heating, ventilation and air conditioning (HVAC) technician after the accident, returned to work after surgery. *Id*. at 5-6. In the months after the second surgery, Singh experienced periods of improvement and deterioration in his pain symptoms. *Id*. at 6-7. Singh received physical therapy several times, and epidural injections for his pain in April, May, and June, 2015. *Id*. at 7.

Dr. Alex Barchuk examined Singh on August 12, 2015, to complete a life care planning report. *Id*. This examination occurred two months before Singh submitted his

---

[1] Singh filed an Amended Motion to Amend his Administrative Claim on December 7, 2016. Dkt. No. 31. The Court presumes this amended motion supersedes the original motion to amend at docket 28. However, because the amended motion does not include the medical records that the original motion did, the Court refers to the records in docket 28-1 in this order.

Case No. 16-cv-01919 NC        2

Form 95 to the USPS on October 5, 2015. *Id*. at 7-8. Singh's counsel received Dr. Barchuk's report on November 24, 2015, a month and a half *after* the Form 95 was submitted. *Id*. at 8. That report concluded Singh would require pain management "on a frequent basis as well as spinal surgery and primary care," in addition to "follow-up radiological studies" such as x-rays and MRI scans. Dkt. No. 28-1 at 163. Dr. Barchuk found that because Singh's cervical fusion caused an increased risk "for accelerated degenerative changes above and below the areas of fusion," that condition would have to be monitored for life. *Id*. As a result of Dr. Barchuk's report, Singh obtained additional reports from Karen Aznavoorian, CCC-SLP/L, CLCP, Certified Rehabilitation Counselor Ronald W. Morrell, and economist Phillip H. Allman, Ph.D. during April, August, and September, 2016. Dkt. No. 28 at 3; Dkt. No. 28-1 at 168-81,183-90. These reports provide that Singh's future care will cost $434,551, and that his future lost earnings will total $400,378. Dkt. No. 30-1 at 3 (Habbas Decl.); Dkt. No. 28-1 at 175, 188.

### C. Procedural History

Singh filed this case on April 12, 2016. Dkt. No. 1. The United States filed a motion to dismiss for lack of subject matter jurisdiction due to Singh's alleged failure to exhaust administrative remedies. Dkt. No. 9. Singh later filed a motion to amend his administrative claim based on Dr. Barchuk's life care planning report and related reports. Dkt. No. 28. He has now filed an amended motion to amend the claim. Dkt. No. 31. Both parties consented to the jurisdiction of a magistrate judge. Dkt. Nos. 4, 8.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the Court. *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). Such a jurisdictional attack may be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). In a facial attack, the movant argues that the allegations of a complaint are

1  insufficient to establish federal jurisdiction. *Id*. In a factual attack, however, "the
2  challenger disputes the truth of the allegations that, by themselves, would otherwise invoke
3  federal jurisdiction." *Id*. In resolving a factual attack, a court may review evidence
4  beyond the complaint without converting the motion into a motion for summary judgment.
5  *Id*. (citing *Savage*, 343 F.3d at 1039 n. 2). Consequently, a court need not presume the
6  truthfulness of a plaintiff's allegations. *Id*. (citing *White*, 227 F.3d at 1242). Indeed,
7  "[o]nce the moving party has converted a motion to dismiss into a factual motion by
8  presenting affidavits or other evidence properly before the court, the party opposing the
9  motion must furnish affidavits or other evidence necessary to satisfy its burden of
10 establishing subject matter jurisdiction." *Id*. (quoting *Savage*, 343 F.3d at 1039 n. 2).

11     Singh invoked the Court's jurisdiction, and bears the burden of establishing subject
12 matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78
13 (1994). Whether the United States waived sovereign immunity is a question of the Court's
14 subject matter jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Singh
15 bears the burden of establishing that waiver. *Cato v. United States*, 70 F.3d 1103, 1107
16 (9th Cir. 1995). The Court treats the United States' motion to dismiss as a factual 12(b)(1)
17 attack and therefore considers all admissible evidence in the record. *See e.g., Schwartz v.*
18 *United States*, No. 12-cv-0586 YGR, 2012 WL 3070789, at *3-4 (N.D. Cal. July 25,
19 2012), *aff'd in part, vacated in part, remanded*, 593 F. App'x 663 (9th Cir. 2015).

20 **III. DISCUSSION**

21     There are two motions before the Court: the motion to dismiss for lack of subject
22 matter jurisdiction; and Singh's motion to amend his administrative claim.

23     **A.    The Court Has Subject Matter Jurisdiction Over Singh's Claim.**

24     Singh alleges the Court has subject matter jurisdiction over his case under the
25 FTCA. Dkt. No. 1. The United States disputes this, alleging that Singh failed to exhaust
26 his administrative remedies by filing an invalid administrative claim. Dkt. No. 9 at 6.

27     The FTCA provides plaintiffs an exclusive remedy against the United States for
28 injuries arising from torts committed by federal government employees. 28 U.S.C. §

Case No. 16-cv-01919 NC        4

1346(b)(1) waives sovereign immunity, and gives federal district courts jurisdiction over civil actions on claims against the government. Specifically, such claims include those:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)). However, as a prerequisite for invoking § 1346, a plaintiff must first satisfy 28 U.S.C. § 2675(a) by filing an administrative claim and exhausting administrative remedies. That subsection requires a person instituting such a claim to first present the claim to the relevant federal agency, and that the person's claim have been "finally denied by the agency in writing and sent by certified or registered mail." § 2675(a). An agency's failure "to make final disposition of a claim within six months" of filing is deemed a final denial of the claim. *Id*.

Here, the United States sole argument under § 2675 is that Singh did not satisfy its requirements by not properly presenting his claim–through his alleged failure to specify a sum certain–which would deprive the Court of subject matter jurisdiction. Dkt. No. 9 at 4; § 2675(a). "A claim is deemed presented for purposes of § 2675(a) when a party files '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Blair v. I.R.S.*, 304 F.3d 861, 864 (9th Cir. 2002) (quoting *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984)). "The requirement that the claim state a specific dollar sum is jurisdictional and cannot be waived." *Jacobson v. U.S. ex rel. U.S. Postal Serv.*, 276 F. Supp. 2d 1106, 1108 (D. Nev. 2003) (citing *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir.1986)).

"The recognized purpose of the FTCA is to provide compensation to those injured by the government's torts." *Blair*, 304 F.3d at 868 (internal citations omitted). The FTCA's claim presentation requirement was designed compensate those injured by

Case No. 16-cv-01919 NC            5

government torts "in a fair and equitable manner, not to provide a basis for a regulatory checklist which, when not fully observed, permits the termination of claims regardless of their merits." *Id*. (internal citations and quotation marks omitted).  In *Blair* the plaintiff submitted a Form 95 to the government agency before filing a lawsuit. *Id*. at 865.  In that case, the plaintiff provided a sum certain for his past and future loss of wages, along with an explanation of how that amount was calculated; however, he also provided his medical expenses were still being incurred and did not specify a sum certain for those expenses. *Id*. at 866.  The Ninth Circuit found the plaintiff stated a sum certain in wage loss. *Id*.  As to the statement regarding the unspecified amount in medical expenses, the Court found that the statute's purposes were best met by considering that statement "surplusage," meaning that his medical expenses would not be considered part of his claim.[2] *Id*.

The Court also finds persuasive *Blair*'s language regarding the spirit and purpose of the FTCA in compensating the victims of government torts. *Id.* at 868.  The Court notes, however, that this case is distinguishable from *Blair* because in that case there was no qualifying language attached to the claim for lost wages, and the Ninth Circuit struck the claim for medical expenses because no numerical figure was specified.  Here, Singh did something in between.  He provided a number, but qualified that number by adding that his claim would exceed that number.  Dkt. No. 1 at 6.  However, there is a factually similar case in this circuit, *Jacobson*, and the Court finds it persuasive.  276 F. Supp. 2d 1106.

One of the issues in *Jacobson* is nearly identical to the one presented here: whether a statement in a Form 95 against the USPS stating that the plaintiff's damages "totaled '[i]n excess of $100,000.00'" was a sum certain. *Id*. at 1107 (internal quotations marks

---

[2] *Blair* distinguished cases the United States cites here to argue Singh failed to provide a sum certain.  304 F.3d at 867 (citing *Caidin v. United States*, 564 F.2d 284, 286 (9th Cir. 1977) (finding no sum certain because claimant stated a dollar amount applying to a class of claimants, not himself, thus failing to provide a statement personal damages), *Bailey v. United States*, 642 F.2d 344, 347 (9th Cir. 1981) (claimant submitted bills and wage statements instead of a sum certain or a form); *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974) and *Avril v. United States*, 461 F.2d 1090 (9th Cir. 1972) (claimant failed to provide a specific dollar amount in his claim)).  The Court finds these cases unpersuasive here, on the same grounds the Ninth Circuit distinguished them in *Blair*.

Case No. 16-cv-01919 NC           6

1 and brackets in original). The Court found the "in excess of" language to be "surplusage," 2 and allowed the remaining language (i.e., the dollar amount) to be left in as the sum 3 certain. *Id.* at 1109. The Court found that its holding was not at odds with *Blair*, and that 4 various courts nationally also struck such language from claims while allowing the dollar 5 amounts that were specified to be considered the sum certain. *Id.* (collecting cases). The 6 Court agrees that *Jacobson* is not at odds with *Blair*. Both cases demonstrate that the sum 7 certain requirement, while essential, is not meant to by itself block meritorious claims.

8 Lastly, the Court is unpersuaded by the United States' arguments at the hearing on 9 this motion. In response to the Court's inquiry as to whether Singh would be prejudiced if 10 the Court found it lacked subject matter jurisdiction because he had not specified a sum 11 certain, the United States' attorney James Scharf suggested Singh would not be prejudiced 12 because he could seek relief from his attorney Omar I. Habbas' malpractice insurance 13 carrier. Dkt. No. 32, December 21, 2016, Hearing. As the alleged victim of a government 14 tort, the Court disapproves of the government's suggestion that the Court should not 15 consider whether it would "hurt Mr. Singh" to throw this case out of court because his 16 attorney's malpractice carrier would make him whole.

17 Thus, the Court finds that it does have subject matter jurisdiction over Singh's case.

18 **B.    Singh May Amend His Administrative Claim.**

19 In Singh's amended motion to amend, he seeks a greater amount from the United 20 States "because certain information relating to the amount of his damages was only 21 discoverable" after he presented his claim to the USPS. Dkt. No. 31 at 4. The United 22 States opposes this motion because it argues Singh presented no evidence his condition 23 "significantly and unforeseeably worsened" in a way that would increase his damages after 24 he submitted his claim. Dkt. No. 29 at 7.

25 28 U.S.C. § 2675(b) provides that a lawsuit filed against the government may not be 26 filed for an amount exceeding the amount presented in the claim to the agency, "except 27 where the increased amount is based upon *newly discovered evidence not reasonably* 28 *discoverable* at the time of presenting the claim to the federal agency, or upon allegation

Case No. 16-cv-01919 NC            7

and proof of *intervening facts*, relating to the amount of the claim." (emphasis added). An administrative claim is deemed "presented" when the USPS receives an executed Standard Form 95. *Smith v. United States*, No. 10-cv-00212 WHA, 2011 WL 4551471, at *5 (N.D. Cal. Oct. 3, 2011) (determining plaintiff need not amend administrative claim after he presented it to the USPS with information he discovered after the presentment).

Section 2675(b) provides plaintiff two ways to increase the amount provided in the administrative claim. The first is through "newly discovered evidence" that was not "discoverable" when the claim was presented. *Lowry v. United States*, 958 F. Supp. 704, 710 (D. Mass. 1997); *see also Von Bargen v. United States,* No. 06-cv-04744 MEJ, 2009 WL 1765767, at *2 (N.D. Cal. June 22, 2009). Second, a plaintiff may present "allegation and proof of intervening facts." *Id*. The burden is on the plaintiff to show one of the two exceptions apply. *Salcedo-Albanez v. United States*, 149 F. Supp. 2d 1240, 1243 (S.D. Cal. 2001). When determining if a plaintiff satisfies one of the exceptions in § 2675(b), the court applies an objective standard. *Von Bargen*, 2009 WL 1765767, at *2 (citing *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988)).

The Ninth Circuit has not issued much guidance regarding § 2675(b). *Resnansky v. United States*, No. 13-cv-05133 DMR, 2015 WL 1968606, at *3 (N.D. Cal. May 1, 2015). In *Richardson v. United States*, the Ninth Circuit held a plaintiff could not seek damages beyond the amount provided in the administrative claim if the plaintiff's injuries were "reasonably foreseeable" at the time the claim was filed. 841 F.2d at 999; *see also Resnansky*, 2015 WL 1968606, at *3. The Court in *Resnansky* provided guidance as to reasonable foreseeability: "[a] plaintiff should not be charged with knowing what his or her medical providers do not articulate, nor is a plaintiff required to obtain additional medical information through procedures not otherwise ordered or suggested." 2015 WL 1968606, at *6. When valuing a claim, a claimant need not account for "conceivable but unlikely risks," but is accountable for "all present information, including his or her own symptoms as well as the providers' advice, prognoses and recommendations." *Id*. Lastly, a court should examine the claimant's medical condition over time, "including ongoing

Case No. 16-cv-01919 NC 8

1   symptoms and periods of recovery or deterioration," when determining "reasonable
2   foreseeability." *Id*. The Court does not require a plaintiff to speculate as to the worst-case
3   scenario. *See id.* at *4; *but see Von Bargen*, 2009 WL 1765767, at *2.

4       Here, it is not disputed Singh's condition fluctuated between periods of
5   improvement and deterioration from the time of his accident to the presentment of his
6   claim in October, 2015. *Smith*, 2011 WL 4551471, at *5. That is not the issue; rather, the
7   issue is the reasonable foreseeability of the information provided by Dr. Barchuk and the
8   other specialists regarding Singh's injuries and their consequences, and whether that
9   information supports the difference between the amount Singh requested in his Form 95 in
10  October, 2015 (exceeding $100,000), and the amount now requested ($1,800,000). If the
11  information was not reasonably foreseeable, the question is whether that determination is
12  based on newly discovered evidence or intervening facts.

13      **1.   Reasonable Foreseeability**

14      Singh argues that his ability to continue working as an HVAC technician and the
15  inconsistent nature of his recovery process from his injuries "rendered his damages
16  uncertain and unforeseeable." Dkt. No. 30 at 2; Dkt. No. 31 at 14. He provides that his
17  inconsistent recovery was the reason he consulted with Dr. Barchuk for the life care
18  planning report. Dkt. No. 31 at 12.

19      The Court agrees that Singh's condition fluctuated between improvement and
20  deterioration over the approximate year and a half between the accident and Singh's
21  presentment of his claim. *Resnansky*, 2015 WL 1968606, at *6. The Court also agrees
22  that Singh would not foresee the prognosis Dr. Barchuk would provide, based on the more
23  conservative medical care he was receiving. *Id*. For example, in 2015, Singh's care
24  consisted of physical therapy, epidural injections, and prescription medication. *See e.g.*,
25  Dkt. No. 28-1 at 110-11, 113, 115, 120, 123, 133. On the other hand, the Court must hold
26  Singh accountable for his knowledge before filing the claim, including his "own symptoms
27  as well as the providers' advice, prognoses and recommendations." *Resnansky*, 2015 WL
28  1968606, at *6. The more difficult question here is Singh's knowledge and his symptoms.

Case No. 16-cv-01919 NC        9

1   The fact Singh went to Dr. Barchuk for an evaluation suggests Singh foresaw he might
2   need to increase his administrative claim. *Richardson*, 841 F.2d at 999.  It is also true that
3   at his last appointment before filing the Form 95 with Dr. Li on July 20, 2015, Singh
4   expressed concern he might need an MRI. Dkt. No. 28-1 at 139.  Notably absent,
5   however, was a discussion regarding whether surgery or an MRI would actually be needed.
6   *Id*. at 137-39.

7   Yet there is no evidence his doctors suggested the grim diagnosis Dr. Barchuk
8   provided in November, 2014. *See e.g.*, Dkt. No. 28-1 at 163 (finding Singh would require
9   intermittent physical therapy in the future, and that because his cervical fusion caused an
10  increased risk for accelerated degenerative changes around the area of fusion, the condition
11  would have to be monitored for life).  Attributing to Singh the knowledge of what Dr.
12  Barchuk and the other specialists later informed him of would be akin to forcing Singh to
13  speculate a more dire prognosis than his current treatment informed him would come to
14  pass. *Resnansky*, 2015 WL 1968606, at *6.  Thus, the Court finds that Singh's damages
15  were not reasonably foreseeable when he filed his administrative claim.

16  **2.   Applicability of § 2675(b) Exceptions**

17  Singh argues the increase in the amount claimed falls under both § 2675(b)
18  exceptions, meaning that the amount is supported both by newly discovered evidence and
19  intervening facts. Dkt. No. 31 at 10.  As far as newly discovered evidence, Singh contends
20  "Dr. Barchuk did not merely confirm previous diagnoses," his report anticipated Singh
21  would require additional spinal surgery. *Id*.  According to Singh, this is newly discovered
22  evidence, the discovery of which justifies increasing his claim. *Id*.  The Court agrees.
23  Even though information regarding Singh's more serious condition "existed" when the
24  claim was filed, it "was 'not discoverable' at that time" because Dr. Barchuk's report had
25  not yet been provided to Singh. *Resnansky*, 2015 WL 1968606, at *3 (quoting *Von
26  Bargen*, 2009 WL 1765767, at *2).

27  As for intervening facts, Singh argues that the receipt of Dr. Barchuk's report in
28  November, 2015, constitutes such facts, as this information was unavailable to Singh until

after presentment of his claim. Dkt. No. 31 at 11. The Court rejects this argument because the only "information or event arising" after filing the claim was Dr. Barchuk's furnishing of the completed report to Singh. *Resnansky*, 2015 WL 1968606, at *3 (quoting *Von Bargen*, 2009 WL 1765767, at *2). The fact that the information Singh needed had not yet been made available does not mean the information materialized out of thin air. Likewise, the Court does not consider the simple furnishing of the report to be an intervening event for purposes of the statute. Thus, the Court finds Singh may amend his claim under the theory of newly discovered evidence. Whether Singh's information will support the amount he claims he is owed is not a question currently before the Court.

## IV.   CONCLUSION

For the reasons stated above, the Court DENIES the United States' motion to dismiss for lack of subject matter jurisdiction. The Court GRANTS Singh's motion to amend his administrative claim.

**IT IS SO ORDERED.**

Dated:  February 15, 2017            _____
                                     NATHANAEL M. COUSINS
                                     United States Magistrate Judge